# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AARON SCOTT,

      Petitioner,

    -vs-

WARDEN, Mansfield Correctional
  Institution,

      Respondent.

Case No. 3:12-cv-146

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss which asserts that the Petition is time-barred under 28 U.S.C. § 2244 (Doc. No. 9). Petitioner has filed a timely response (Doc. No. 11).

Scott was convicted of one count of murder and one count of aggravated robbery in the Montgomery County Common Pleas Court on May 5, 2008, and was sentenced the same day to a term of twenty-five years to life imprisonment which he is serving in Respondent's custody. The judgment was affirmed by the Montgomery County Court of Appeals on April 30, 2010. *State v. Scott,* 2010-Ohio-1919, 2010 Ohio App. LEXIS 1576 (Ohio App. 2nd Dist. Apr. 30, 2010). The Ohio Supreme Court declined jurisdiction over a further appeal on September 9, 2010. *State v. Scott*, 128 Ohio St. 3d 1586 (2010)[1]. Under 28 U.S.C. § 2244, the conviction became final December 8, 2010, ninety days later, when the time for filing a petition for certiorari with the United States Supreme Court expired.

---

[1] The Warden's representation of this date is belied by the public record of the date of decision by the Ohio Supreme Court.

1

In the meantime, however, Scott had filed an application to reopen his direct appeal under Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel. The application was denied January 26, 2011. The Ohio Supreme Court declined jurisdiction over a further appeal on May 4, 2011.

On February 11, 2011, Scott filed a motion for resentencing under *McAllister v. Smith*, 119 Ohio St. 3d 163 (2008). Scott appealed from an unfavorable decision on April 25, 2011, but the appeal was dismissed for lack of jurisdiction because the appeal was not timely filed.

Respondent argues Scott's properly-filed Application for Reopening under Ohio R. App. P. 26(B) tolled the statute of limitations until May 4, 2011, and the time to file therefore expired one year later on May 4, 2012 (Motion, Doc. No. 9, PageID 78). Therefore, the Warden says, the Petition is untimely because it was not filed until May 21, 2012, seventeen days later. *Id.*

Petitioner agrees with Respondent that his last date to file was May 4, 2012 (Response, Doc. No. 11, PageID 2553). While acknowledging that his Petition is date-stamped May 21, 2012, Scott claims the benefit of the "mailbox" rule. An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999). The Declaration at the end of the Petition in this case purports to have been signed April 18, 2012 (Petition, Doc. No. 2, PageID 30). Standard practice in this Court has been to assume the habeas petitioner delivered the petition for mailing to the Court on the date that it was signed and to treat that as the date of constructive filing under *Houston*. Petitioner has therefore established that he filed the Petition within the time allowed by law.

The Motion to Dismiss should be DENIED.

November 20, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).