# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AARON SCOTT,

        Petitioner,      :    Case No. 3:12-cv-146

- vs -                          District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

TERRY TIBBELS, WARDEN,
  Mansfield Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Motion of Petitioner Aaron Scott for Relief from Judgment (Doc. No. 35). Scott's reason is to have the judgment re-entered so as to re-start the appeal clock. *Id.* at PageID 5287.

Because this is a post-judgment decision, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b) for report and recommendation rather than decision.

On October 21, 2014, this Court dismissed the Petition for habeas corpus herein but granted Scott a certificate of appealability on Ground One. Judge Rice entered a lengthy and considered opinion on the Confrontation Clause issue presented in Ground One and clearly expected that Scott would appeal.

Scott did not appeal within the thirty days allowed by Fed. R. App. P. 4(a)(1)(A) and seeks to have the judgment re-entered to re-start that appeal period. As grounds therefor, he asserts the Clerk did not send him a copy of the Decision and Entry and the resulting Clerk's

Judgment (Doc. Nos. 33, 34).  The docket confirms Scott's claim.  It is common practice for the Clerk to enter a Staff Note on the docket when an order is mailed to a *pro se* litigant.  See, e.g., Staff Notes of August 29, 2013, and September 12, 2013, documenting mailing to Scott of the Supplemental Report and Recommendations and the notation order granting his extension of time to object.  No such Staff Note documents mailing either Judge Rice's Decision and Entry or the Clerk's Judgment.  The Magistrate Jude accordingly FINDS, pursuant to Fed. R. App. P. 4(a)(6), that Scott did not receive notice under Fed. R. Civ. P. 77(d) of the entry of judgment in this case.

However, the judgment in this case need not be reopened to allow Scott to appeal.  Instead, it is respectfully recommended that District Judge Rice reopen the time for appeal under Fed. R. App. P. 4(a)(6), adopting the above finding and further concluding that the Motion is timely and no party will be prejudiced thereby.

December 23, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).